FILED
United States Court of Appeals
Tenth Circuit

April 15, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GUY COLESTON MCDONALD,

    Defendant - Appellant.

No. 24-7038
(D.C. No. 6:19-CR-00010-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Guy McDonald pled guilty to participating in a drug conspiracy, 21 U.S.C.

§§ 846, 841(a)(1).  He was sentenced to 292 months' imprisonment—the bottom of

the Guidelines' range—and we upheld his sentence.  *United States v. McDonald*,

43 F.4th 1090, 1100 (10th Cir. 2022).  After the U.S. Sentencing Commission

adopted Amendment 821 to the Sentencing Guidelines, he moved for a sentence

reduction under 18 U.S.C. § 3582(c)(2), which "authorizes a district court to reduce a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

sentence 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Chavez-Meza*, 854 F.3d 655, 657 (10th Cir. 2017) (*Chavez-Meza I*) (quoting § 3582(c)(2)), *aff'd*, 585 U.S. 109 (2018) (*Chavez-Meza II*).

The district court entered an order that stated his motion was granted but did not shorten his sentence. It engaged in the "two-step inquiry" required by § 3582(c)(2). *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018). First, it concluded Mr. McDonald was *eligible* for relief based on Amendment 821. Second, it addressed "in its discretion" whether a sentence reduction was "warranted in whole or in part under the particular circumstances of the case," considering the 18 U.S.C. § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 827 (2010). At this second step, the court determined Mr. McDonald's sentence should not be shortened:

> [T]he Court cannot justify a sentence at the low end of the amended guideline range of 262–327 months due to the nature of the case and [Mr. McDonald's] involvement in the case, which included violent conduct. Therefore, [his] original sentence of 292 months will remain the same, which is still within the amended guideline range.

Aplt. Opening Br. at 8 (quoting R. vol. 2 at 325). The court further stated that its decision was supported by several of the § 3553(a) factors, including that the 292-month sentence "reflects the seriousness of the offense," "promotes respect for the law," "provides just punishment for the offense," "affords adequate deterrence," and "protects the public from further crimes of [Mr. McDonald]." *Id.* at 9. It found the sentence "sufficient, but not greater than necessary, to meet the objectives set forth in 18 U.S.C. § 3553(a)." *Id.*

Mr. McDonald appeals, arguing the district court 1) committed procedural error by not giving a sufficient explanation for its decision and 2) erred by not reducing his sentence based on the lowered Guidelines' range. We are unpersuaded. Our review is for abuse of discretion, *Chavez-Meza I*, 854 F.3d at 657, and the district court acted well within its discretion.

*First*, the district court sufficiently explained its application of the § 3553(a) factors and its ruling. As we explained in *Chavez-Meza I*, "§ 3582(c)(2) *does not* incorporate the explanatory requirement from § 3553(c)" that applies at the time of original sentencing. 854 F.3d at 658 (citing *United States v. Verdin-Garcia*, 824 F.3d 1218, 1221 (10th Cir. 2016)). "The original sentencing procedures required by § 3553(c) . . . supply the ceiling for sentence-reduction procedures," and "[w]e cannot require more for sentence reduction . . . than we require for original sentencing." *Id*. Even at an original sentencing, the district court is not required to provide an "extensive explanation[] for sentences within the guidelines range." *Id.* at 658–59. For a within-Guidelines sentence, the court "must provide only a general statement of its reasons, and need not explicitly refer to either the § 3553(a) factors or respond to every argument for leniency that it rejects in arriving at a reasonable sentence." *United States v. Clark*, 981 F.3d 1154, 1168 (10th Cir. 2020) (internal quotation marks omitted).

The decisions of this court and the Supreme Court in *Chavez-Meza* show the district court's explanation here was sufficient. In *Chavez-Meza*, the district court granted the defendant's § 3582(c)(2) motion but reduced his sentence less than he

requested.  It ruled on the motion using a standard form order (an AO 247 form), without giving a longer explanation.  We held that given the "absence of an explanatory requirement" under § 3582(c)(2), the district court had not abused its discretion.[1]  *Chavez-Meza I*, 854 F.3d at 661.  The Supreme Court affirmed, holding that "[e]ven assuming . . . district courts have equivalent duties when initially sentencing a defendant and when later modifying the sentence, what the District Court did here was sufficient."  *Chavez-Meza II*, 585 U.S. at 115.

We see no meaningful distinction between the record here and the facts in *Chavez-Meza*.  As in *Chavez-Meza*, the district court ruled using the same AO 247 standard form order.  It explained that a shorter sentence was not warranted by the § 3553(a) factors, particularly the nature of Mr. McDonald's conduct.  As in *Chavez-Meza*, the same district judge who imposed the original sentence ruled on the § 3582(c)(2) motion, and both that judge and this court can look to the original sentencing record as relevant to deciding the § 3582(c)(2) motion.  *See id.* at 119 ("[T]he record of the initial sentencing sheds light on why the court picked a point . . . above the bottom of the reduced Guidelines range").  Also as in *Chavez-Meza*, Mr. McDonald's sentence is within the amended Guidelines range, and both the district court's original explanation of its chosen sentence and its explanation for not reducing that sentence show it concluded a 292-month sentence was appropriate.  Accordingly, as in *Chavez-Meza*, "it is unsurprising that the judge considered a

---

[1] In *Chavez-Meza I*, the court "[did] not address . . . whether a district court must justify *rejecting* a sentence-reduction motion."  854 F.3d 655 n.2.

4

sentence somewhat higher than the bottom of the reduced range to be appropriate," and "there was not much else for the judge to say." *Id.* at 118–19.

Given *Chavez-Meza*, and considering the nature and record of this case, we conclude the district court provided a sufficient explanation for its denial of Mr. McDonald's § 3582(c)(2) motion. *See id.; see also United States v. Solis-Rodriguez*, No. 24-2030, 2025 WL 785198, at *8 (10th Cir. Mar. 12, 2025) (unpublished) (affirming denial of § 3582(c)(2) motions as adequately explained by AO 247 form order and "the 'context and the record'" of the case (quoting *Chavez-Meza II*, 585 U.S. at 117); holding that in denying a § 3582(c)(2) motion a district court "need not render detailed or specific findings on the § 3553(a) factors where (1) the judge denying the motion sentenced the defendant; (2) the case is not complicated; (3) the defendant fails to raise novel or atypical arguments as to the § 3553(a) factors; and (4) the district court's denial does not result in an above-Guidelines sentence"); *United States v. Pineda-Rodriguez*, No. 24-2052, 2025 WL 350467, at *4 (10th Cir. Jan. 31, 2025) (unpublished) (holding that under *Chavez-Meza II* the district court adequately explained denial of § 3582(c)(2) motion using AO 247 form; also suggesting "a slightly more fulsome explanation" might have "benefitted the parties and judicial system").[2]

*Second*, the district court did not abuse its discretion by not shortening Mr. McDonald's sentence. Mr. McDonald argues that by not lowering his sentence,

---

[2] We cite these unpublished decisions only for their persuasive value. *See* 10th Cir. R. 32.1.

the district court "essentially refus[ed] to apply" the amended Guidelines range, and that because it had already accounted for his violent conduct when imposing sentence, that same conduct provided an insufficient basis to deny a sentence reduction after the Guidelines were amended. Aplt. Opening Br. at 21.

These arguments are unavailing. It is not disputed that Amendment 821 made Mr. McDonald *eligible* for a sentence reduction under § 3582(c)(2), "[b]ut an ameliorative amendment to the Guidelines in no way creates a *right* to sentence reduction." *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012).[3] Rather, the decision whether or not to reduce a sentence based on the particular facts of a case lies within the district court's discretion. *See Dillon*, 560 U.S. at 827. Our review of the reasonableness of a district court's chosen sentence is "highly deferential," and we "do not reweigh the [§ 3553(a)] sentencing factors" on appeal. *United States v. McCrary*, 43 F.4th 1239, 1249 (10th Cir. 2022) (internal quotation marks omitted). Other than arguing the district should have shortened his sentence based on the amended guidelines, Mr. McDonald has not identified any way it abused its discretion when weighing the § 3553(a) factors and concluding that the nature of his conduct warranted a 292-month sentence both before and after the Guideline amendments.

---

[3] Mr. McDonald's reliance on *Hughes v. United States*, 584 U.S. 675, 688 (2018) is misplaced. *Hughes* addressed when a defendant is "eligible for relief under § 3582(c)(2)." *Id.* The disputed issue here is not whether Mr. McDonald was *eligible* for relief but whether the district court abused its discretion when it denied relief after considering the § 3553(a) factors.

Accordingly, we affirm the district court's denial of Mr. McDonald's motion for sentence reduction under 18 U.S.C. § 3582(c)(2).

Entered for the Court

Gregory A. Phillips
Circuit Judge