**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRANDON EARL PRESLEY,

    Defendant - Appellant.

No. 25-5093
(D.C. No. 4:24-CR-00107-SEH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]
_____

Defendant Brandon Earl Presley pleaded guilty without a plea agreement to two

counts of sexual abuse of a minor in Indian Country in violation of 18 U.S.C. §§ 1151,

1153, and 2243(a), two counts of abusive sexual contact with a minor in Indian Country

in violation of 18 U.S.C. §§ 1151, 1153, and 2244(a)(3), one count of production of

child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e), and one count of

possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

2252(b)(2).  The probation office calculated Defendant's advisory guideline range to be 262 to 327 months' imprisonment based on an adjusted offense level of 39 and a criminal history category I.  The district court denied Defendant's motion for a downward variance and sentenced him to 180 months' imprisonment per count on the first and sixth counts, 24 months' imprisonment per count on the second and third counts, 264 months' imprisonment on the fourth count, and 120 months' imprisonment on the fifth count, with all sentences to run concurrently for a total of 264 months' imprisonment.  Defendant appeals, challenging only the substantive reasonableness of his within-guideline-range sentence.  Our jurisdiction arises under 18 U.S.C. § 3741(a)(1) and 28 U.S.C. § 1291.  We affirm.

I.

Defendant has never objected to the facts contained in his presentence report (PSR) or the calculation of his guideline range.  According to the PSR, between 2019 and 2024 while an assistant high school football coach, Defendant, a member of the Muscogee Creek Nation, sexually abused multiple female victims between the ages of 13 and 15.  During this time, Defendant was between the ages of 24 and 29.  After initiating contact with his victims, Defendant communicated with them over digital messaging applications and discussed topics of a sexual nature.  Eventually, Defendant would persuade his victims to meet with him and engage in sexual acts.  Defendant's first victim was MV1, then a 15 year old student at the high school where Defendant was employed.  On two occasions, Defendant had MV1 perform oral sex on him in her home.  On one of these occasions, Defendant also penetrated MV1's vagina with his

penis. On another occasion, MV1 touched Defendant's penis and performed oral sex on him while in his vehicle. A second victim, MV2, was 13 years old when Defendant sexually abused her. During one encounter while in his vehicle, she sat on Defendant's lap against his erect penis for around fifteen minutes while he grabbed her thighs. Defendant tried to kiss MV2 on her lips but she pulled away. Defendant told MV2 she could touch his penis and asked if she was ready to have sex. She declined. A third victim, MV3, was also 13 years old when Defendant sexually abused her. On one occasion inside MV3's residence, Defendant took her shirt and pants off. While MV3 performed oral sex on him, Defendant used his smartphone to take a picture of her in the act. On the same occasion, Defendant inserted his penis into MV3's vagina. Shortly after this episode, local police arrested Defendant for sexually abusing a 14 year old girl at a high school track meet. Police seized Defendant's phone, searched it, and discovered the picture he took of MV3 performing oral sex on him.

At sentencing, Defendant moved for a variance below his advisory guideline range because the severity of the range was due entirely to the guidelines' treatment of the production of child pornography charge which required a 15-year mandatory minimum sentence and raised Defendant's offense level by over 10 levels. Pointing out that the reason for the mandatory minimum and elevated guideline range was "one photo" that Defendant never accessed after he took it, Defendant asked for a sentence of 180-months' or 15 years' imprisonment. The district court denied Defendant's motion for a variance, finding nothing "that separates this defendant from the mine run of similarly situated defendants to a degree which warrants a variance." Sentencing

Transcript at 28. The court explained that "the defendant's utilization of his position of authority, influence, and trust to facilitate the commission and concealment of his crimes, the vulnerability of his victims, and the repetitive nature of his conduct with multiple minor victims under age 16 warrants a sentence within the advisory guideline range." *Id.* The court expressly addressed Defendant's arguments for a downward variance based on the nature of the production of child pornography charge as well as his lack of any criminal history, and decided his arguments "fail to mitigate the severity of his conduct." *Id.* Considering the § 3553(a) factors, the district court determined that "a sentence within the advisory guideline range will serve as an adequate deterrent to this defendant as well as others, promote respect for the law, provide just punishment for the offense and provide protection for the public."[1] *Id.* at 29.

II

On appeal, Defendant claims the district court's sentence was substantively unreasonable, raising the same arguments for a downward variance that he did in the district court. Defendant points out that "[t]he production and possession [of the child

---

[1] Section 3553(a) requires the district court to consider the following factors, among others, in determining a defendant's sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, and (c) to protect the public from further crimes of the defendant, (3) the kinds of sentence and the sentence range established for the applicable category of offense committed by the applicable category of defendant established by the guidelines, (4) any pertinent policy statement issued by the Sentencing Commission, and (5) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

pornography] charges arose from one photograph buried in the cache files on his phone, which was taken by the phone's camera and never accessed again. The photograph was not shared with anyone else and according to discovery . . . [Defendant] never viewed it after it was taken." Opening Br. at 2. Given Defendant's lack of criminal history and apparently stable lifestyle apart from his crimes, we acknowledge Defendant's argument for a variance is colorable. But we nevertheless conclude such argument falls short of rebutting the appellate presumption of substantive reasonableness attending a within-guideline-range sentence. *See United States v. McComb*, 519 F.3d 1049, 1053–54 (10th Cir. 2007) (Gorsuch, J.).

In *McComb* we explained that this presumption of reasonableness on appeal is permissible because when a district court sentences a defendant within the applicable advisory guideline range, the court "necessarily will have come to the same conclusion as the Sentencing Commission about the proper sentence for the case at hand. This concurrence between the Sentencing Commission's 'wholesale' judgment and the district court's independent 'retail' judgment . . . is strong evidence of the reasonableness of the ultimate sentence imposed." *Id.* at 1053. In *United States v. Angel-Guzman*, 506 F.3d 1007, 1013 (10th Cir. 2007), we added: "A sentencing formula produced by a deliberative, quasi-legislative body, applied to the specific facts of each case by a competent arbiter, will seldom require correcting."

Accordingly, to overcome the presumption of reasonableness, Defendant must show the district court abused the sentencing discretion afforded it by Congress in 18 U.S.C. § 3553. *McComb*, 519 F.3d at 1053. This is to say that as long as the balance

struck by the district court in considering the § 3553(a) factors is not arbitrary, capricious, whimsical, or manifestly unreasonable, we must defer to the court's sentence even if we would not have struck the same balance in the first instance. *United States v. McCrary*, 43 F.4th 1239, 1249 (10th Cir. 2022). We do not reweigh the § 3553(a) sentencing factors in a de novo fashion. *Id.* Rather, we ask whether the district court's sentence falls within the range of rationally available choices the facts and the law at issue can fairly support. *Id.* This is so because sentencing is "a task calling on a district court's unique familiarity with the facts and circumstances of a case and its judgment in balancing a host of incommensurate and disparate considerations[.]" *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1201 (10th Cir. 2007) (Gorsuch, J.); *see also McComb*, 519 F.3d at 1053 ("[T]here are perhaps few arenas where the range of rationally permissible choices is as large as it is in sentencing[.]).

Here, Defendant essentially asks us to reweigh the § 3553(a) factors as applied to his case. But the law does not permit us to do so. We have no choice but to conclude the length of Defendant's sentence, though perhaps a result of one misstep, falls within the range of rational choices available to the district court given *all* the circumstances surrounding his sexually abusive conduct. In arriving at an appropriate sentence, the district court expressly weighed Defendant's arguments in mitigation of sentence against several aggravating factors, in particular Defendant's use of a position of authority, influence, and trust to facilitate the commission and concealment of his crimes, the repetitive nature of his crimes, and the vulnerability of his multiple victims

all under the age of 16.[2]    Because Defendant's sentence falls within the range of rationally permissible choices available to the district court, the judgment of the district court is—

AFFIRMED.

                                              Entered for the Court


                                              Bobby R. Baldock
                                              Circuit Judge

---

[2]    Pointing to national statistics for the five year period between fiscal years 2020 and 2024, Defendant tells us that his 264-month sentence is above the median and average sentences received by offenders with an adjusted offense level of 39 and a criminal history category I.    To be sure, § 3353(a)(6) instructs district courts to consider "the need to avoid unwarranted sentencing disparities among defendants with *similar* records who have been found guilty of *similar* conduct."    18 U.S.C. § 3353(a) (emphasis added).    We have explained, however, that bare national statistics do not establish a sentencing disparity because they shed no light on the extent to which the sentences that the statistics pertain to involve defendants that are similarly situated to the defendant at bar.    *United States v. Cortez*, 139 F.4th 1146, 1156 (10th Cir. 2025). Here, Defendant fails to show how the circumstances surrounding his crimes are similar to those of the national average.    *Id.*