**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 11, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

YAIR DE JESUS TREJO-MENDOZA,
a/k/a Yair de Trejo,

    Defendant - Appellant.

No. 25-5105
(D.C. No. 4:24-CR-00002-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]
_____

After Defendant Yair De Jesus Trejo-Mendoza pleaded guilty to reentry of a removed alien in violation of 18 U.S.C § 1326, the district court sentenced him to 18-months' imprisonment. Defendant now appeals the district court's denial of his motion for a downward departure to the time he served in state prison just prior to his federal sentencing. _See_ U.S.S.G. § 2L1.2 cmt. n. 7 (2023). Presently before the Court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

1

is appointed defense counsel's *Anders* brief as well as his motion to withdraw as counsel and dismiss this appeal. *See Anders v. California*, 386 U.S. 738 (1967). Having independently reviewed the entire record as well as defense counsel's brief and Defendant's response thereto, we agree with counsel that no nonfrivolous basis for Defendant's appeal appears in the record. Accordingly, we grant counsel's motion and dismiss Defendant's appeal.[1]

I.

On November 13, 2023, Muscogee (Creek) Nation Lighthorse police officers arrested Defendant for (1) driving under the influence of alcohol–2nd offense, (2) leaving the scene of an accident, (3) eluding police officers, (4) obstructing a police officer, (5) driving without a driver's license, (6) transporting an open container, and (7) unsafe lane usage. The same day, Immigration and Customs Enforcement (ICE) learned Defendant previously had been removed from the United States and was subject to a Warrant of Removal/Deportation dated December 2015. Defendant admitted he reentered the United States around 2015 after having been deported. ICE promptly placed an immigration detainer on Defendant.

---

[1] In *Anders*, the Supreme Court held that if appointed counsel "finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to the court a brief "referring to anything in the record that might arguably support an appeal." *Id.* When counsel submits an *Anders* brief accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If we agree with counsel's evaluation of the case, we grant the request to withdraw and dismiss the appeal. *Anders*, 386 U.S. at 744.

The State of Oklahoma charged Defendant with the above-enumerated state offenses and in January 2024, he pleaded guilty to those charges. The state court sentenced Defendant to four years' imprisonment. Defendant's anticipated release date from state prison was on or about June 14, 2025. Meanwhile, a federal indictment returned in January 2024 prior to his state sentencing charged Defendant with unlawful reentry of a removed alien. 8 U.S.C. § 1326. A federal warrant for Defendant's arrest was issued the same day but was not executed until February 2025.

In March 2025, Defendant, now in federal custody, pleaded guilty to the federal charge. The presentence report, to which Defendant did not object, calculated his advisory guideline range to be 18 to 24 months' imprisonment. In June 2025, Defendant moved for a downward departure, relying on U.S.S.G. § 2L1.2 cmt. n.7 (2023). Section 2L1.2 is entitled "Unlawful Entering or Remaining in the United States." Note 7 of the section's commentary addresses "Departure Based on Time Served in State Custody:"

> In a case in which the defendant is located by immigration authorities while the defendant is serving time in state custody, . . . the court may consider whether a departure is appropriate to reflect all or part of the time served in state custody, from the time immigration authorities located the defendant until the service of the federal sentence commences, that the court determines will not be credited to the federal sentence by the Bureau of Prisons.

In his motion for a downward departure and at his federal sentencing hearing, held on June 26, 2025, Defendant argued that but for the thirteen month delay in the execution of his federal arrest warrant, he would have been sentenced for his federal offense prior to the discharge of his state sentence, and the district court could have

run his federal sentence concurrent with his state sentence.[2]  Defendant argued the delay in sentencing was not his fault and the court should exercise its discretion to grant his motion for a downward departure and sentence him to time served.  The district court denied Defendant's motion and sentenced him to 18-months' imprisonment, the low end of the guidelines range.

The transcript of Defendant's sentencing hearing indicates the district court well understood its authority to grant Defendant a downward departure to time served based on the period of imprisonment he had just spent in Oklahoma state prison.  Sentencing Tr. at 17–18 ("I certainly have the authority to impose what would, in essence, be a concurrent sentence with the sentence he's fully served now in State Court . . . .").  But the court did not think a downward departure was appropriate because the circumstances Note 7 envisions were not applicable in this case:

> Note 7 I don't think needs to apply to all State sentences, just to those where the Court would otherwise make a concurrent sentence.  And this does not strike me as the type of case that I would have ordered concurrent [sentences], in any event.  [Defendant] . . . was convicted on [sic] driving under the influence.  He was charged with several other [crimes]; leaving the scene . . . of an accident and eluding police. . . .  Those are separate offenses from his offense in Federal Court of unlawful reentry.

> And so . . . I would always be of the opinion, I think the Sentencing Guidelines are of the opinion, that those separate unrelated offenses require separate sentences, and so I would not think it appropriate to apply his State time on an unrelated offense to this Federal conviction.

---

[2]  Federal law provides that the district court may impose a sentence to run concurrent with another *undischarged* term of imprisonment.  18 U.S.C. § 3584(a). Because Defendant's state sentence was fully discharged in June 2025 before the imposition of his federal sentence, the court was not authorized to run his federal sentence concurrent with his state sentence.

*Id.* at 11–12.

## II.

Defendant's appointed counsel suggests Defendant's federal sentence is neither procedurally nor substantively unreasonable and no legal basis exists for claiming otherwise. The district court's denial of a downward departure generally "opens the door to a procedural reasonableness challenge."[3] *United States v. Diaz-De La Cruz*, 2024 WL 799383, at *1 (10th Cir. 2024) (unpublished) (quoting *United States v. Kaspereit*, 994 F.3d 1202, 1214 (10th Cir. 2021)). But the statute granting a defendant the right to appeal his sentence provides for an appeal only where the sentence was imposed (1) in violation of law, (2) as a result of an incorrect application of the sentencing guidelines, (3) as a result of the granting of an upward departure, or (4) for an offense for which there is no sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(a). Relying on § 3742(a)'s plain language, we have held this Court has no jurisdiction to review a district court's discretionary denial of a motion for a

---

[3] Departures and variances are analytically distinct. Courts must be careful not to confuse them. A departure is a deviation from a defendant's advisory guidelines range based on the enumerated departure provisions contained in the Guidelines Manual. *Kaspereit*, 994 F.3d at 1214. In contrast, a variance is a deviation from a defendant's guidelines range based on the 18 U.S.C. § 3553(a) sentencing factors that bear upon a district court's responsibility to impose a sentence that is "sufficient" but "not greater than necessary" to meet § 3553(a)'s sentencing objectives. *Id.* Notably, this distinction will not be with us much longer. As part of its 2025 amendments to the Guidelines, the U.S. Sentencing Commission eliminated departures. *See* U.S. Sent'g Guidelines Manual app. C, amend. 836 (U.S. Sent'g Comm'n 2025). Nevertheless, sentencing judges "continue to have the authority to rely upon[] facts" that would have previously formed "a basis for a departure . . . to impose a sentence outside of the applicable advisory guidelines range as a variance under 18 U.S.C. § 3553(a)." U.S. Sent'g Guidelines Manual ch. 1, pt. A, introductory cmt.

downward departure. *United States v. Dawson*, 90 F.4th 1286, 1292 (10th Cir. 2024). "The only exception is if the denial is based on the district court's interpretation of the Guidelines as depriving it of the legal authority to grant the departure." *Id.* at 1292–93 (internal quotations omitted). Where a district court does not recognize its authority to depart downwards, the denial of a motion to depart downwards may be imposed in violation of law and thus appealable under § 3742(a)(1). Here, on the other hand, the district court's statements at sentencing clearly indicate the court understood it had the discretion under U.S.S.G. § 2L1.2 cmt. n.7 to grant Defendant a downward departure. But for reasons the court stated on the record, it declined to do so. Accordingly, we lack subject-matter jurisdiction over any claim that Defendant's sentence is procedurally unreasonable based upon the district court's denial of his motion for a downward departure.

Unlike a challenge to the procedural reasonableness of a sentence, a defendant preserves the right to appeal a sentence as substantively unreasonableness, and imposed in violation of law under § 3742(a)(1), where he has advocated for a shorter sentence than the one imposed. But the fact that we possess jurisdiction over any claim that Defendant's sentence was substantively unreasonable because he sought a sentence of time served in the district court provides Defendant little benefit. Here, the district court sentenced Defendant within the advisory guidelines range. An appellate presumption of substantive reasonableness attends a within-guidelines-range sentence. *United States v. McComb*, 519 F.3d 1049, 1053–54 (10th Cir. 2007). To overcome this presumption, Defendant must show the district court abused the

6

sentencing discretion afforded it by Congress in 18 U.S.C. § 3553. *Id.* at 1053. We ask only whether the district court's sentence falls within the range of rationally available choices the facts and law at issue can fairly support. *United States v. McCrary*, 43 F.4th 1239, 1249 (10th Cir. 2022). Given the sentencing record before us, we readily conclude that the 18-month sentence of imprisonment imposed on Defendant falls within the range of rational choices available to the district court because as the court stated: "I would not think it appropriate to apply his State time *on an unrelated offense* to this Federal conviction." Sentencing Tr. at 12 (emphasis added).

\* \* \*

For the foregoing reasons, we GRANT defense counsel's motion to withdraw and DISMISS Defendant's appeal as meritless. We commend counsel for his forthrightness.

Entered for the Court

Bobby R. Baldock
Circuit Judge

7