**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff- Appellee,

v.

CHARLES WIMBERLY,

Defendant - Appellant.

No. 08-1402

(D. Colorado)

(D.C. No. 1:07-CR-00473-MSK-2)

---

## ORDER AND JUDGMENT*

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

## I. Introduction

Defendant-Appellant Charles Wimberly pleaded guilty to theft of public money and aiding and abetting, in violation of 18 U.S.C. §§ 641 and 2. He received a within-guidelines sentence of 30 months' imprisonment followed by three years of supervised release. On appeal, Wimberly contends that the district court erred in failing to grant him a downward departure or a downward variance and that his sentence is substantively unreasonable. Under 28 U.S.C. § 1291 and

---

*This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

18 U.S.C. § 3742(a), we have jurisdiction to review only the failure to grant a downward variance and the reasonableness of the sentence, and we **affirm** the district court because the sentence it imposed is not unreasonable.

## II. Background

Wimberly and his wife, Jelissa, moved to Colorado from Mississippi shortly before Hurricane Katrina struck the gulf region. Even though they were not Mississippi residents during the disaster, Wimberly encouraged and assisted his wife in applying for disaster relief. The application contained false statements claiming the family suffered property damage and loss of employment due to the hurricane. As a result of this application, the family received emergency assistance from the federal government and private charities totaling over $41,000.

In February of 2007, the Wimberlys faced state felony charges in an unrelated case. In April of that year, the State of Colorado filed a Petition for Dependency and Neglect regarding the couple's children.

Beginning in May of 2007, Wimberly voluntarily provided written statements to federal authorities disclosing the fraudulent Katrina scheme, and in one letter he asserted he was the mastermind of the scheme. Unbeknownst to Wimberly, the government had already received an anonymous tip regarding the Katrina fraud over a year earlier.

The Wimberlys were later indicted on ten felony counts related to the Katrina fraud. Charles Wimberly pleaded guilty to theft of public money and aiding and abetting, and the government dismissed the remaining charges against him. At the change of plea hearing, Wimberly informed the district court through his counsel that the reason he had written the letter claiming to be the mastermind of the scheme was to try to ensure his wife did not lose custody of their children.

Before sentencing, a pre-sentence investigation report (PSR) was prepared. The PSR calculated Wimberly's offense level to be twelve, but subtracted two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a), resulting in a total offense level of ten. Wimberly had a criminal history category of VI, giving him a guidelines sentence range of 24-30 months' imprisonment. Appended to the PSR was a psychosexual mental health evaluation prepared in connection with the state court child custody proceedings. Wimberly requested a downward departure on the grounds that his criminal history overstated the seriousness of his conduct and that he voluntarily disclosed his wrongdoing. He also requested a departure on the grounds that the criminal history category overstated the seriousness of his conduct. Finally, he requested a downward variance on the grounds that he was crime-free between 1996 and 2006 and because, even though he violated the terms of his release prior to sentencing and had his bond revoked, he had complied with the terms of his release for the majority of the period prior to sentencing.

The district court adopted the PSR and declined to grant a departure or variance. It imposed a sentence of 30 months, which was the top end of the advisory guidelines range. In explaining its reasons for declining to grant a downward departure, the district court read a passage from the mental health evaluation stating, among other things, Wimberly was "a high risk for violent offense recidivism and criminal behavior." The district court also referred to the evaluation when it declined to grant a variance and imposed sentence, and stated the evaluation was consistent with the court's own observations of Wimberly's conduct. This appeal followed.

## III. Discussion

In his opening brief, Wimberly asserts the district court abused its discretion in refusing to grant a discretionary downward departure or a downward variance, and also argues his sentence is substantively unreasonable. The district court's decision to deny a variance is reviewed through the application of the test for substantive reasonableness. *See United States v. Sells*, 541 F.3d 1227, 1237-38 (10th Cir. 2008). As the government correctly argues, this court lacks jurisdiction to consider whether the district court erred in refusing to grant a discretionary downward departure. *United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006). This court may consider, however, the asserted grounds for departure when reviewing the sentence for reasonableness. *Id.* In his reply

brief, Wimberly reframes his argument regarding the downward departure as part of his challenge to the substantive reasonableness of his sentence.

This court reviews sentences for substantive reasonableness under an abuse-of-discretion standard. *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (quotation omitted). Sentences within the correctly calculated guidelines range are entitled to a presumption of reasonableness. *Id.* This presumption may be rebutted, however, if the sentence is unreasonable in light of the sentencing factors set out at 18 U.S.C. § 3553(a). *Id.*

Wimberly first contends his sentence is unreasonable because he demonstrated remorse and voluntarily disclosed his wrongdoing through letters to the government, which enabled the government to build its case against him. Under 18 U.S.C. § 3553(a)(1), the district court must consider "the history and characteristics of the defendant" when imposing sentence, and Wimberly argues it was unreasonable for the district court to impose a within-guidelines sentence in light of his remorse and assistance to the government. Wimberly advanced this same argument before the district court in seeking a downward departure under U.S.S.G. § 5K2.16. The district court rejected Wimberly's request because, as Wimberly's counsel acknowledged, the government already knew about the fraud through an anonymous tip, and because the district court did not perceive

Wimberly's letters to be motivated purely by remorse. Instead, as Wimberly stated at his plea hearing, he took primary responsibility for the scheme in part to help his wife retain custody of their children. The district court did not abuse its discretion when it declined to impose a sentence below the guidelines range on the basis of Wimberly's letters to authorities.

Wimberly also argues the district court abused its discretion and imposed an unreasonable sentence when it failed to grant a variance based on his rehabilitative efforts and the large proportion of misdemeanors comprising his criminal history. He claims this demonstrates the district court failed to adequately consider "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The district court refused to vary on these grounds because it found Wimberly was "a very disturbed person, a person who can, when he chooses to, bear down and participate in programs and meet requirements if he thinks they're going to lead to an ultimate objective. But if that objective doesn't manifest itself, he blows it off." The district court also stated it agreed with the characterization of Wimberly in the mental health evaluation that concluded he was a risk for recidivism. Wimberly argues the district court erred in relying upon the mental health evaluation, which was prepared in a collateral proceeding and has no connection to the offense of conviction.

The district court must consider the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and the sentence imposed must be sufficient,

but not greater than necessary, "to protect the public from further crimes of the defendant." *Id.* § 3553(a)(2)(C). A forensic mental health evaluation expressing an opinion on Wimberly's risk of recidivism is certainly relevant to the sentencing determination. Moreover, under 18 U.S.C. § 3661, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."[1] "With few limitations, a court has almost unlimited discretion in determining what information it will hear and rely upon in imposing a sentence." *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009) (quotation and alteration omitted). Because the district court was permitted to consider all relevant information concerning Wimberly's risk of recidivism, and because the mental health evaluation was probative of that risk, the district court did not err in relying upon the evaluation in rejecting his request for a variance. The court's determination that Wimberly poses a recidivism risk was thus adequately supported in the record, and the district court did not abuse its discretion when it imposed a sentence based on that determination.

---

[1]There are circumstances under which the Constitution places limits on the use of information at sentencing. *United States v. Graves*, 785 F.2d 870, 872 (10th Cir. 1986). Wimberly, however, has not raised any constitutional claims with respect to the use of the mental health evaluation during his sentencing.

Similarly, Wimberly's imperfect rehabilitative efforts do not demonstrate a diminished risk of recidivism sufficient to render his sentence unreasonable. Although there have been droughts of activity in Wimberly's criminal history, there was a flood of crimes in the two years leading up to his sentencing, including the Katrina fraud scheme and at least four separate state convictions. He also violated his bond conditions prior to sentencing and had to be placed in confinement, further undercutting his claim that he has been rehabilitated to a sufficient degree to warrant a below-guidelines sentence. In sum, the district court's within-guidelines sentence was not substantively unreasonable.

## IV. Conclusion

For the foregoing reasons, the judgment of the district court is **affirmed.**

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge