**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LUIS DAVID LANDEROS-GONZALEZ,

    Defendant - Appellant.

No. 24-5010
(D.C. No. 4:23-CR-00152-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Luis David Landeros-Gonzalez pled guilty to illegal reentry of a removed alien and unlawful possession of a firearm. On appeal, he challenges the district court's denial of a downward variance from his United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") range. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.    **BACKGROUND**

A. *State Drug Possession Offenses*

In 2012, Mr. Landeros-Gonzalez was convicted of felony drug possession in violation of Okla. Stat. tit. 63, § 2-402 and received a deferred sentence.  A year later, in 2013, he was convicted of violating the same statute and sentenced to four years of imprisonment.  The 2013 conviction "accelerated" his 2012 sentence, triggering an additional four-year sentence for the 2012 conviction, to run concurrently with the 2013 conviction's sentence.[1]

In 2017, Oklahoma reclassified simple drug possession from a felony to a misdemeanor and limited the term of incarceration to not more than one year.  Okla. Stat. tit. 63, § 2-402(B) (as amended by SQ 780, Initiative Petition No. 404, eff. July 1, 2017).  In 2019, Oklahoma passed legislation that allowed individuals convicted before the 2017 amendment to petition for commutation of their sentences.  Act effective Nov. 1, 2019, ch. 459, 2019 Okla. Sess. Law Serv., sec. 5, § 332.2(F) (West) (codified as amended at Okla. Stat. tit. 57, § 332.2(F)).  Mr. Landeros-Gonzalez did not seek commutation of his drug possession sentences.

---

[1] Under Oklahoma law, "[a] deferred sentence is not a conviction unless it is subsequently accelerated." *Grimes v. State*, 251 P.3d 749, 754 n.5 (Okla. Crim. App. 2011).  Upon a guilty verdict or plea, the court may defer entry of judgment and place the defendant on probation. *See* Okla. Stat. tit. 22, § 991c(A).  If the defendant abides by the probationary terms, the case is dismissed and expunged. *Id*. § 991c(D).  But if the defendant violates a probationary condition, such as by reoffending, the court may enter a judgment, and sentence the defendant according to the law violated. *See id*. §§ 991c(G), 991a.  That is what happened here when Mr. Landeros-Gonzalez committed his 2013 possession offense.

B. *Procedural History*

In 2023, Mr. Landeros-Gonzalez pled guilty to one count of illegal re-entry of a removed alien, 8 U.S.C. § 1326, and two counts of unlawful possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 922(g)(5).

1. **Presentence Investigation Report**

The United States Probation Office prepared a Presentence Investigation Report ("PSR"). Because Mr. Landeros-Gonzalez's 2012 and 2013 state drug convictions had each resulted in a "sentence of imprisonment exceeding one year and one month," the PSR assigned three criminal history points for each conviction. U.S.S.G. § 4A1.1(a). In total, the PSR assessed 10 criminal history points, placing Mr. Landeros-Gonzalez in criminal history category V. When combined with his offense level, the recommended Guidelines range was 37-46 months.

2. **Variance Motion**

Mr. Landeros-Gonzalez moved for a downward variance based on the 2017 change in Oklahoma law. He argued that the difference between criminal history scores of offenders convicted before and after the 2017 amendment had created an unwarranted sentence disparity that the district court should consider under 18 U.S.C. § 3553(a)(6). He explained that if his 2012 and 2013 drug offenses had been charged under the 2017 amendment, he would have faced a maximum sentence of one year on each offense and thus would have received four criminal history points for his earlier convictions rather than six, which would have reduced his Guidelines range from 37-46 months to 30-37

months.  He asked the district court to vary his sentence in line with "those committing the same criminal conduct as he did after July 1, 2017."  ROA, Vol. I at 24.

Mr. Landeros-Gonzalez did not challenge the PSR's calculation of his criminal history score, the Guidelines range, or its factual findings.[2]

3.  **Variance Denial**

At the sentencing hearing, the district court denied the motion for a variance.  Though the court was "sympathetic" to Mr. Landeros-Gonzalez's argument, it observed that it was being asked to "rewrite history" by ignoring that his earlier drug offenses "were felonies at the time" they were committed.  ROA, Vol. II at 22-23.  The court said that even if it granted the variance, the low end of the PSR's Guidelines range—37 months—was the same as the high end would be under the 2017 amendment.  *Id*. at 23 ("But if I were to come down what I think is the appropriate amount on a variance, the top of the guideline range is going to be 37 months, correct?").

After considering the sentencing factors under 18 U.S.C. § 3553(a), including Mr. Landeros-Gonzalez's disparity arguments, the district court denied the downward variance.  The court stated it "considered the nature of the offenses, [Mr. Landeros-

---

[2] Mr. Landeros-Gonzalez contends that his variance motion should be interpreted as an objection to the PSR's calculation of his Guidelines range because "the remedy was based on his variance motion under 18 U.S.C. § 3553(a)(6)."  Aplt. Reply Br. at 6.  But the remedy for an incorrectly calculated Guidelines range is to vacate the sentence and remand for resentencing.  *See United States v. Black*, 830 F.3d 1099, 1102 (10th Cir. 2016).  Only after the district court properly calculates the Guidelines range may it determine whether to impose a variance.  *See United States v. Sabillon-Umana*, 772 F.3d 1328, 1331 (10th Cir. 2014); *United States v. Corber*, 596 F.3d 763, 767 (10th Cir. 2010); *see also Gall v. United States*, 552 U.S. 38, 49-50 (2007).

Gonzalez's] criminal history, and his personal characteristics" in reaching its decision. *Id*. at 61-62. The court also noted his history of unlawful re-entry, gang involvement, and substance abuse.

Although the district court denied the variance motion, it said the 2017 amendment persuaded it to sentence Mr. Landeros-Gonzalez to 37 months, the bottom of the Guidelines range. Mr. Landeros-Gonzalez timely appealed.

## II. **DISCUSSION**

Mr. Landeros-Gonzalez challenges his sentence as procedurally and substantively unreasonable. He contends the district court abused its discretion by applying a Guidelines range that did not account for the disparity created by the 2017 amendment and by denying his variance motion.

### A. *Legal Background*

A defendant may challenge a sentence as procedurally or substantively unreasonable. *See Gall*, 552 U.S. at 51; *United States v. Gieswein*, 887 F.3d 1054, 1058 (10th Cir. 2018). Mr. Landeros-Gonzalez attempts to do both on appeal.

#### 1. **Procedural Reasonableness**

A sentence is procedurally unreasonable when the sentencing court improperly calculates the Guidelines sentencing range. *See Gall*, 552 U.S. at 51; *United States v. McCrary*, 43 F.4th 1239, 1244 (10th Cir. 2022). District courts calculate the range based on the defendant's criminal history category and offense level derived from the Guidelines. *See* U.S.S.G. § 1B1.1. To determine the former, courts tally criminal history points based on a defendant's length of imprisonment for prior convictions. *See id*.

§ 4A1.1 (allocating three criminal history points for sentences of more than 13 months and two points for sentences of at least 60 days).

A sentence also is procedurally unreasonable when the sentencing court fails to "address, in its statement of reasons, the material, non-frivolous arguments made by the defendant" under 18 U.S.C. § 3553(a). *United States v. Pinson*, 542 F.3d 822, 833 (10th Cir. 2008); *accord United States v. Lente*, 647 F.3d 1021, 1035 (10th Cir. 2011).

"[T]he overarching standard for our review of the procedural reasonableness of the court's sentence is abuse of discretion . . . ." *United States v. Nkome*, 987 F.3d 1262, 1268 (10th Cir. 2021). Under that standard, "[w]e review the district court's legal conclusions under the Sentencing Guidelines de novo" and the court's "findings of fact for clear error." *United States v. Aragon*, 112 F.4th 1293, 1296 (10th Cir. 2024) (quotations omitted).

2. **Substantive Reasonableness**

A sentence is substantively unreasonable when "the length of the sentence is [un]reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (citation and quotations omitted); *see United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019); *Lente*, 647 F.3d at 1030 ("A substantive challenge concerns the reasonableness of the sentence's length and focuses on the district court's consideration of the § 3553(a) factors and the sufficiency of the justifications used to support the sentence.").

An appellate challenge to the denial of a variance calls for substantive reasonableness review. *See United States v. Kaspereit*, 994 F.3d 1202, 1214 (10th Cir. 2021); *United States v. Wimberly*, 341 F. App'x 429, 431 (10th Cir. 2009) (unpublished) ("The district court's decision to deny a variance is reviewed through the application of the test for substantive reasonableness.").[3]  This is so because a request for a variance seeks, based on the § 3553(a) factors, to increase or decrease a Guidelines-calculated sentence. *See United States v. Sells*, 541 F.3d 1227, 1237 n.2 (10th Cir. 2008). One of those factors is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6).

We review a sentence's substantive reasonableness for abuse of discretion. *McCrary*, 43 F.4th at 1249.  "[T]he weight a district court assigns to each of the § 3553(a) factors, and the balance it ultimately assesses among them, is not subject to our de novo review." *United States v. Martinez*, 610 F.3d 1216, 1229 (10th Cir. 2010).  "[A]s long as the balance struck by the district court . . . is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *Sells*, 541 F.3d at 1239.  "For sentences falling within the guideline range . . . we apply a rebuttable presumption of reasonableness." *United States v. Franklin*, 785 F.3d 1365, 1370 (10th Cir. 2015).

---

[3] We cite unpublished cases as persuasive under Fed. R. App. P. 32.1(A) and 10th Cir. R. 32.1.

B. *Application*

1. **Procedural Reasonableness**

Mr. Landeros-Gonzalez argues that his sentence was procedurally unreasonable because the district court (1) applied a Guidelines range that did not account for an unwarranted sentence disparity under 18 U.S.C. § 3553(a)(6) and (2) failed to adequately explain why it rejected a variance based on disparity due to the 2017 amendment. Both arguments fail.

a. *The Guidelines range and sentence disparity*

Mr. Landeros-Gonzalez appears to argue that the district court procedurally erred by failing to address the disparity created by the 2017 amendment and thereby miscalculating his criminal history score, which resulted in an incorrect Guidelines range. Aplt. Br. at 15-16.[4] He likely waived this argument because he did not contend at sentencing that the district court applied an incorrect Guidelines range[5] and does not

---

[4] Although Mr. Landeros-Gonzalez characterizes this argument as a procedural reasonableness challenge, it is actually a variation of his substantive reasonableness argument. He does not contend that the district court incorrectly calculated his criminal history score or his offense level or that the PSR contained factual errors. Aplt. Br. at 18-24. Instead, he complains that the court applied an incorrect Guidelines range because it denied his variance motion, which is a substantive reasonableness argument. *See Kaspereit*, 994 F.3d at 1214.

[5] In his sentencing memorandum, Mr. Landeros-Gonzalez said the PSR should not have assigned two criminal history points for a 2011 drug conviction, should have proposed a departure for cultural assimilation, and should have said the 2017 amendment may warrant a variance under § 3553(a)(6). Only the first objection challenged the PSR's calculation of Mr. Landeros-Gonzalez's criminal history score. At the sentencing hearing, the district court overruled the first two objections. It then asked if there were any further objections. Hearing none, it turned to Mr. Landeros-Gonzalez's variance

argue plain error on appeal. *United States v. Vannortwick*, 74 F.4th 1278, 1280-81 (10th Cir. 2023); *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019).

But even if we give Mr. Landeros-Gonzalez the benefit of the doubt on preservation, his argument fails. Guideline § 4A1.1 assigns three criminal history points "for each prior sentence of imprisonment exceeding one year and one month." Guideline § 4A1.2 defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." The words "prior" and "previously imposed" indicate that the sentencing court should look to the sentence actually imposed, not the length of sentence that may now be imposed.

*McNeill v. United States*, 563 U.S. 816 (2011), supports this reading of § 4A1.1. In *McNeill*, the Supreme Court considered whether the defendant qualified for a minimum mandatory sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Section 924(e) provides for a 15-year minimum mandatory sentence when a defendant who violates 18 U.S.C. § 922(g) (e.g., felon in possession of a firearm) also has certain qualifying prior offenses, including state drug offenses prescribing "a maximum term of imprisonment of ten years or more." § 924(e)(2)(A)(ii). The defendant's prior state drug convictions qualified based on state law when they were committed. *McNeill*, 563 U.S. at 818. The state later reduced the maximum prison term for his offenses to below 10 years. *Id*. The defendant argued that his state convictions no

---

motion. Mr. Landeros-Gonzalez never argued that the district court applied an incorrect Guidelines range based on Oklahoma's 2017 amendment.

longer qualified for the ACCA sentence. *Id*. The Court rejected this argument, holding that the ACCA requires sentencing courts to take a "backward-looking" approach that "consult[s] the law that applied at the time of [the] conviction." *Id*. at 820.

Guideline § 4A1.1's focus on the length of sentence imposed, compared with the ACCA's focus on the state's maximum term of punishment, provides even further support for the "backward-looking" approach.[6] Because Oklahoma's 2017 amendment of its drug possession laws did not change the sentences imposed on Mr. Landeros-Gonzalez, the district court did not miscalculate his Guidelines range and did not procedurally err.

b. *District court's explanation for the sentence*

For the first time on appeal, and only in his reply brief, Mr. Landeros-Gonzalez argues the district court procedurally erred by inadequately addressing his argument that the 2017 amendment created a sentence disparity. Aplt. Reply Br. at 6-7. He has waived this argument in two ways.

---

[6] The district court's approach also finds support in *United States v. McGee*, 760 F. App'x 610 (10th Cir. 2019) (unpublished). There, we considered whether a sentencing enhancement for "prior convictions of a serious drug felony" under 21 U.S.C. § 841(b)(1)(A) applied. Mr. McGee had two prior felony drug convictions under California law. After his convictions, California reclassified the offenses to misdemeanors. *Id*. at 611. Unlike Mr. Landeros-Gonzalez, however, Mr. McGee had obtained a state court order that retroactively modified one of his prior felony convictions to a misdemeanor. *Id*. Citing *McNeill*, we nevertheless held that § 841(b)(1)(A) applies to the law at the time of the offense. *Id*. at 615-16 ("[Mr.] McGee's status as a person convicted of a felony drug offense, which existed at the time he committed his federal drug crime, did not disappear as a historical matter simply because his offense was reclassified.").

First, Mr. Landeros-Gonzalez did not raise this argument before the district court and does not argue plain error on appeal. "[F]ailure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument . . . not first presented to the district court." *Leffler*, 942 F.3d at 1196 (quotations omitted).

Second, apart from a passing reference to the principle that a court must adequately explain its sentencing decision, *see* Aplt. Br. at 18, Mr. Landeros-Gonzalez's opening brief never argues that the district court failed to state its reasons for denying his variance. And "[i]n this Circuit, we generally do not consider arguments made for the first time on appeal in an appellant's reply brief and deem those arguments waived." *Leffler*, 942 F.3d at 1197.

Mr. Landeros-Gonzalez not only waived this argument, but it is otherwise meritless. The district court accurately recited facts from the PSR that supported the Guidelines range and noted that it had considered "all of the factors set forth in [18 U.S.C. § 3553(a)]." ROA, Vol. II at 61-62. The court said it had considered Mr. Landeros-Gonzalez's disparity argument and was "sympathetic." *Id*. at 22, 23; *see also id*. at 61 ("The [c]ourt would be inclined, because of the change in the law, to sentence at the low end of the applicable guideline range."). It sentenced at the low end of the Guidelines range but concluded that Mr. Landeros-Gonzalez's criminal history weighed against a variance. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007) ("Where . . . a district court imposes a sentence falling within the range suggested by the Guidelines, Section 3553(c) requires the court to provide only a *general*

*statement* of the reasons for its imposition of the particular sentence." (quotations omitted)).  The district court adequately explained the sentence.

2. **Substantive Reasonableness**

Mr. Landeros-Gonzalez argues the district court's denial of his variance motion resulted in a substantively unreasonable sentence due to the sentencing disparity created by Oklahoma's 2017 amendment.  Aplt. Reply Br. at 17-18.  We will find an abuse of discretion only if the district court was "arbitrary, capricious, whimsical, or manifestly unreasonable when it weighed the permissible § 3553(a) factors."  *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015).  When, as here, the sentence falls within a properly calculated Guidelines range, it "is entitled to a rebuttable presumption of reasonableness."  *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam).  Mr. Landeros-Gonzalez has not rebutted the presumption.

Mr. Landeros-Gonzalez's argument fails to adequately acknowledge that "[u]nwarranted disparities is but one factor that a district court must balance against [others] in arriving at an appropriate sentence."  *Martinez*, 610 F.3d at 1228.  Even when they exist, the sentence is still substantively reasonable if other factors justify the sentence.  *Franklin*, 785 F.3d at 1371 n.4.  Here, the district court considered Mr. Landeros-Gonzalez's disparity argument when it weighed the § 3553(a) factors, and its sympathy to it led to a sentence at the low end of the Guidelines range.  After assessment of all the § 3553(a) factors, including Mr. Landeros-Gonzalez's criminal history, the court concluded a within-Guidelines sentence was appropriate.  *See United States v. Nunez-Carranza*, 83 F.4th 1213, 1222-23 (10th Cir. 2023).  And even then, the

sentence fell within the Guidelines range that Oklahoma's 2017 amendment would have produced.

Based on the foregoing, we conclude the district court's denial of the variance motion was not "arbitrary, capricious, whimsical, or manifestly unreasonable," *Craig*, 808 F.3d at 1261, and that Mr. Landeros-Gonzalez's sentence was substantively reasonable.

## III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge